JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Schemeley and Kimberly Schemeley

**DEFENDANTS**
Houck & Gofus Funeral Home & Cremation Services, Inc. and TAKGOFUS, LLC

**(b)** County of Residence of First Listed Plaintiff: Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
George Zindel, Esq - Kline & Specter, P.C.
(215) 772-1000, 1525 Locust Street, Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY (cont.)**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)

Brief description of cause:
Premises liability

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/22/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ George Zindel, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: Houck & Gofus Funeral Home & Cremation Services, Inc., 955 North Charlotte Street, Pottstown, PA 19464

---

**RELATED CASE IF ANY:** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*: _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (*Please specify*): Premises liabiltiy
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SCHEMELEY and KIMBERLY SCHEMELEY**<br>114 Utica Avenue<br>Haddon Township, NJ 08108<br><br>                          Plaintiffs,<br><br>v.<br><br>**HOUCK & GOFUS FUNERAL HOME & CREMATION SERVICES, INC.**<br>955 North Charlotte Street<br>Pottstown, PA 19464<br><br>                    and<br><br>**TAKGOFUS, LLC**<br>955 North Charlotte Street<br>Pottstown, PA 19464<br><br>                          Defendants. | NO.<br><br><br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiffs, James and Kimberley Schemeley, by and through undersigned counsel, Kline & Specter, P.C., for their Complaint against Defendants, Houck & Gofus Funeral Home & Cremation Services, Inc. and TAKGOFUS, LLC, allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### INTRODUCTION

1. This is a premises liability action brought under Pennsylvania law arising from a fall suffered by Plaintiff James Schemeley at the Defendants' facility.

2. Plaintiffs claim that Defendants breached the duty of care owed to Mr. Schemeley, a business invitee, by failing to warn or protect against a known, dangerous condition of their premises: an open elevator shaft.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2) because all defendants reside within this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred herein.

## **PARTIES**

5. Plaintiff James Schemely is an adult citizen and resident of the State of New Jersey, residing therein at 114 Utica Avenue, Haddon Township, NJ 08108.

6. Plaintiff Kimberly Schemely is an adult citizen and resident of the State of New Jersey, also residing therein at 114 Utica Avenue, Haddon Township, NJ 08108.

7. Defendant Houck & Gofus Funeral Home & Cremation Services, Inc. ("Houck & Gofus") is a corporation or other jural entity organized and operating under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 955 North Charlotte Street, Pottstown, PA 19464.

8. Defendant Houck & Gofus is the owner and operator of the funeral home business located at 955 North Charlotte Street, Pottstown, PA 19464.

9. Defendant TAKGOFUS, LLC ("Takgofus") is a Pennsylvania corporation or other jural entity organized and operating under the laws of the Commonwealth of Pennsylvania, with a

principal place of business located at 955 North Charlotte Street, Pottstown, PA 19464. Upon information and belief, Takgofus member Tyler Gofus is a citizen of the Commonwealth of Pennsylvania.

10. Defendant Takgofus is the owner of the funeral home building located at 995 North Charlotte Street, Pottstown, PA 19464.

11. Houck & Gofus and/or Takgofus, at all times relevant hereto, either directly or through their agents, servants and/or employees, owned, operated, managed, maintained and actively controlled the subject premises.

## **OPERATIVE FACTS**

12. On November 4, 2024, James Schemeley was severely injured when he fell approximately fifteen (15) feet down an open, unmarked and unprotected elevator shaft at 955 North Charlotte Street, the Houck & Gofus funeral home (the "Funeral Home").

13. The multi-story Funeral Home contains a floor lift used to move caskets and other objects between the building's ground floor and basement.

14. Unlike a traditional elevator, this lift consists of an open platform that is raised and lowered between floors.

15. At all times material hereto, when the lift was lowered, the defendants used no door, gate, or railing on the ground floor to guard the open elevator shaft:

16. On November 4, 2024, Mr. Schemeley, a funeral supply company deliveryman, was delivering a casket ordered by Houck & Gofus to the Funeral Home.

17. When Mr. Schemeley arrived at the Funeral Home, the defendants' agent and/or employee directed him to bring the casket inside.

18. The elevator shaft was located immediately to the right of the Funeral Home side entrance, identified by red arrows in the image below:



19. The open elevator shaft was dangerous, defective and constituted an unsafe condition on the property, posing a foreseeable and hazardous risk to Mr. Schemeley.

20. The harmful and hazardous condition of the ground floor of Houck & Gofus existed well before the subject incident but was not marked or protected in any way so as to properly warn,

advise or alert passersby of the dangerous condition. This dangerous condition had also not been repaired or in any adequate way maintained prior to the date of the incident.

21. Moreover, said condition was known by the defendants or, in the exercise of reasonable care, should have been known to the defendants, who failed to properly warn or notify the plaintiff of such dangerous and unsafe condition.

22. At all times material hereto, the defendants knew or had reason to know that the elevator shaft was open and exposed, creating a dangerous and defective condition for the plaintiff.

23. As a direct and proximate result of the negligence of the defendants, their agents, servants and/or employees, James Schemeley suffered severe physical harm, pain, and suffering as outlined.

24. As a direct and proximate result of the negligence of defendants, their agents, servants and/or employees, James Schemeley suffered serious injuries to his bones, muscles, and organs, including but not limited to, a closed displaced clavicle fracture, displaced transverse process fractures at L2, L3 and L4, fractures of the first through fifth ribs, a pulmonary contusion of the right lung, and other severe injuries, together with shock, anxiety, depression, weakness, emotional distress, and other physical and emotional injuries and upset, the full extent of which are not yet known and some or all of which may be permanent in nature, pain-producing and disabling.

25. As a direct and proximate result of the negligence of the defendants, their agents, servants and/or employees, James Schemeley has suffered injuries which have precluded him and may in the future continue to preclude him from fully enjoying the ordinary pleasures of life and participating in his ordinary activities and avocations.

26. As a direct and proximate result of the negligence of the defendants, their agents, servants and/or employees, James Schemeley has suffered, and may continue in the future to suffer, pain, suffering, agony, anxiety, mental anguish, depression, disability, mental disturbances, bodily deformation, embarrassment, humiliation, loss of life's pleasures, loss of well-being and other such intangible losses, some or all of which may be permanent in nature.

27. As a direct and proximate result of the negligence of the defendants, their agents, servants and/or employees, James Schemeley has incurred in the past and may in the future continue to incur substantial medical and medically-related expenses, including but not limited to, expenditures for medical attention, medication, hospitalization, medical and surgical care, testing, physical therapy, occupational therapy, rehabilitative care, equipment and other care and treatment to attend to, treat and attempt to alleviate, minimize, and/or cure himself of the aforementioned injuries.

28. As a direct and proximate result of the negligence of the defendants, their agents, servants and/or employees, James Schemeley has been prevented in the past and may in the future continue to be prevented from performing his usual duties, occupations and avocations.

29. As a direct and proximate result of the negligence of the defendant, their agents, servants and/or employees, James Schemeley has suffered in the past and may in the future continue to suffer loss and depreciation of his earnings and earnings capacity, to his great detriment and loss.

30. The injuries described here were caused by the negligence of the defendants, their agents, servants and/or employees, and were in no manner whatsoever caused or contributed to by any acts or omissions on the part of Mr. Schemeley.

## COUNT I - NEGLIGENCE
## <u>JAMES SCHEMELEY v. ALL DEFENDANTS</u>

31. Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

32. Defendants owed a duty to protect individuals on their premises, including James Schemeley, from injury.

33. Defendants failed to properly maintain the subject premises in a safe condition.

34. Defendants further failed to warn individuals on their premises of the dangerous and defective conditions therein, so as to avoid harm to individuals such as Mr. Schemeley.

35. Defendants, through their agents, servants and employees, were negligent and careless in one or more of the following particular respects:

   a. allowing and/or permitting the dangerous and defective condition of the open elevator shaft to exist at the premises;

   b. failing to properly maintain the elevator shaft at the premises;

   c. failing to place the elevator in the "up" position and on the first floor prior to directing Plaintiff to bring the coffin inside the funeral home.

   d. failing to maintain the subject premises in a safe condition;

   e. failing to provide proper notice and/or warnings to individuals on the premises such as plaintiff of the dangerous and defective conditions created by the open elevator shaft;

   f. failing to provide proper notice and/or warning to individuals on the premises such as plaintiff of the degree of dangerousness created by the open elevator shaft;

   g. failing to take proper precautions to eliminate the unsafe conditions on the premises over which they retained control, despite the fact that they knew or should have known that the open elevator shaft posed a hazardous risk to individuals on the premises such as plaintiff; and

      h.      failing to use reasonable care to fix, mark or maintain the open elevator shaft within a reasonable time.

36. As a direct and proximate result of the defendants' conduct, Mr. Schemeley has suffered actual and consequential damages as set forth above.

**WHEREFORE**, Plaintiffs demands damages against all defendants, jointly and severally, in an amount exceeding $75,000, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE PER SE
## JAMES SCHEMELEY v. ALL DEFENDANTS

37. Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

38. Upon information and belief, Defendants violated provisions of the Uniform Construction Code in effect in the Commonwealth of Pennsylvania and Montgomery County at the time of this incident by failing to maintain the elevator shaft at the premises in safe condition and were therefore negligent per se.

39. Defendants, through their agents, servants and employees, failed to comply with the Uniform Construction Code in effect in the Commonwealth of Pennsylvania and Montgomery County at the time of the incident in the following particular respects:

      a.      failing to maintain hoistway landing doors, as required by 34 Pa. Code Section 405.2;

      b.      failing to maintain a door interlock system, as required by 34 Pa. Code Section 405.2;

      c.      failing to undergo periodic inspection and testing, as required by 34 Pa. Code Section 405.2; and

      d.      other failures as may be proven from facts now exclusively in

possession of Defendants, which may be ascertained after the filing of this Complaint.

40. As a direct and proximate result of such conduct by the defendants, Mr. Schemeley has suffered actual and consequential damages as set forth above.

**WHEREFORE**, Plaintiffs demands damages against all defendants, jointly and severally, in an amount exceeding $75,000, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

## COUNT III – LOSS OF CONSORTIUM
## KIMBERLY SCHEMELEY v. ALL DEFENDANTS

41. Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

42. At all relevant times hereto, Plaintiffs James Schemeley and Kimberly Schemeley were lawfully married.

43. For the reasons set forth herein, Plaintiff Kimberly Schemeley has necessarily paid and become liable to pay for medical aid, treatment, monitoring, medications, and other expenditures and will necessarily incur further expenses of a similar nature in the future as a proximate result of Defendants' negligence.

44. For the reasons set forth herein, Plaintiff Kimberly Schemeley has suffered and will continue to suffer the loss of her spouse's support, companionship, services, society, love and affection.

45. Plaintiff Kimberly Schemeley alleges that her marital relationship with Plaintiff James Schemeley was impaired, and the marital association between husband and wife has been altered.

46. Plaintiff Kimbery Schemeley has suffered great emotional pain and mental anguish and will in the future suffer great emotional pain and mental anguish as a proximate result of Defendants' negligence.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs James Schemeley and Kimberly Schemeley have sustained and will continue to sustain severe emotional distress, economic losses and other damages, for which they are entitled to compensatory damages.

48. Defendants are liable to Plaintiff Kimberly Schemeley jointly and severally for all general and special relief to which she is entitled by law.

**WHEREFORE**, Plaintiffs demands damages against all defendants, jointly and severally, in an amount exceeding $75,000, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all counts and all issues raised by this Complaint.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

By: _/s/ George Zindel_

Date: July 22, 2025

GEORGE ZINDEL, ESQUIRE
George.Zindel@klinespecter.com
ATTORNEY ID #: 332321
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*